Law Library

FILED

2012 APR 12 PM 2: 22

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CARL T.C. GUTIERREZ, FRANK AGUON,) JR., and JOHN AND JANE DOE CITIZEN) PLAINTIFFS 1-1000, ) )                           Plaintiffs, ) )         v. ) ) THE GUAM ELECTION COMMISSION,) JOHN BLAS, JOSHUA TENORIO, JOSEPH) MESA, ALICE TAIJERON, JOHN) TERLAJE, ROBERT CRUZ, MARTHA) RUTH, JOHN TAITANO, EDWARD B.) CALVO, RAY TENORIO, AND JOHN AND) JANE DOE DEFENDANTS, 1-1000, ) )                    Defendants. ) ) | CIVIL CASE NO. 1891-10 **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 21st day of February, 2012, when the Court received a "Notice of Motion to Withdraw, Memorandum of Points and Authorities," along with the declaration of David J. Lujan and two attached exhibits consisting of e-mail communications to him, from his clients, Plaintiffs Carl T. C. Gutierrez and Frank Aguon, Jr., regarding this case. Attorney David J. Lujan represented the Plaintiffs, and Attorney Michael F. Phillips represented the Defendants. As more fully discussed below, the motion was never properly filed with the Court; however, in the interests of justice, and in view of the expediency of the case, the Court now issues the following Decision and Order on the matter.

## DISCUSSION

CVR 7.1(b) of the Local Rules of the Superior Court of Guam states in relevant portion: "Every motion shall be presented in writing. The moving party must present a motion, *which will contain the date on which the motion will be heard*, as provided for in CVR Rule 7.1(e)(2)." CVR Rule 7.1(b)(2012)(emphasis added).

Pursuant to CVR 7.1(e)(2):

> *Counsel for the parties must file an "Agreement of Hearing Date,"* in a form shown below in Attachment "CVR7.1A." *It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance . . . and propose a date for oral argument.* Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available, in which event the Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

CVR Rule 7.1(e)(2)(2012)(emphases added).

Under the Local Rules currently in effect, a party may not file a motion until the party has contacted all parties involved in the case, agreed upon a hearing date, cleared the hearing date with the chamber clerk, and inserted the date into an "Agreement of Hearing Date" to be filed with the motion. In this case, the moving parties, the Plaintiffs, have twice failed to file an "Agreement of Hearing Date" form with their motions as required by CVR 7.1(b) and (e)(2).

Because the Plaintiffs have failed to file the required "Agreement of Hearing Date," with the motion to withdraw, the Court has no proof that the Plaintiffs either served or contacted the Defendants regarding the motion. Plaintiffs have also failed to provide the Court with a stamp received copy of the motion to withdraw showing that the Defendants did, in fact, have notice

of the motion. Because of this failure to comply with the Local Rules, the Court can only assume that the Defendants were not provided proper notice of the motion.

Pursuant to CVR 7.1(d)(1)(A), "[t]he opposing party shall, not less than fourteen (14) days preceding the noticed date of oral argument, serve upon all parties and file with the clerk: (A) a memorandum of points and authorities upon which the opposing party relies . . . ." CVR Rule 7.1(d)(1)(A)(2012)(emphasis added). A plain reading of both this rule and CVR 7.1(e)(2) and (4) reveals that the time to file an opposition cannot begin to run until the motion has been given a noticed date of oral argument, i.e.: the parties have agreed to a date, the chamber clerk has cleared that date, and the moving party has filed the date with the motion in an "Agreement of Hearing Date" form; or the Court has taken the oral argument off of the calendar and ordered briefing. Accordingly, as no noticed hearing date was given for the Motion for Withdrawal, the time to file an opposition was never triggered, and the Defendants have never filed an opposition, if any.

Under CVR 7.1(k), "[t]he Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." Sanctions under General Rule 2.1 include "monetary sanctions" and "costs and fees to opposing counsel." Despite this Rule, in order to expedite this case, the Court in its discretion will accept the defective motion, will consider its contentions, and will determine the motion without oral argument pursuant to Rule 78 of the Guam Rules of Civil Procedure and Rule 7.1(e)(1) of the Local Rules of the Superior Court of Guam. Under these rules, oral argument is not mandated in all cases. CVR Rule 7.1(e)(1) states: "[o]ral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of

Civil Procedure." GRCP Rule 78 states in relevant part: "[t]o expedite the business of the court, . . .a judge may by order, make for provisions for the submission *and determination* of motions without oral hearing upon brief written statements of reasons in support and opposition." GRCP Rule 78 (2012) (emphasis added).

Oral argument is not required in this case. Further, it appears that no opposition is necessary or possible. Accordingly, the Court will issue its Decision and Order on the matter without hearing oral argument.

When an attorney is faced with a possible conflict of interests between concurrent clients, Rule 1.7 directs an attorney as to the attorney's duties:

> Rule 1.7 Conflict Of Interest: Current Clients (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

ABA Model Rules of Professional Conduct, Rule 1.7 (2007).

The Guam Rules of Professional Conduct were adopted directly from the 2002 ABA Model Rules of Professional Conduct on September 29, 2003, pursuant to Promulgation Order No. 04 002. Therefore, the commentary, legislative history, and cases interpreting the ABA Model Rules of Professional Conduct constitute persuasive authority in Guam. *See e.g.*, People v. Diaz, 2007 Guam 3, ¶ 14, n.4 (where a Guam rule is substantially similar to and derived from a federal rule, federal cases interpreting that rule are persuasive authority); and Gibbs v.

Holmes, 2001 Guam 11, ¶ 15 (where the Guam statute is similar to a state or federal statute, the state or federal cases interpreting that statute are persuasive authority in Guam). The ABA comments to the rule provide guidance as to how the attorney should proceed in a situation in which it appears that there is a concurrent continuing conflict of interest. Comment Two states:

> Resolution of a conflict of interest problem under this Rule requires the lawyer to: 1) clearly identify the client or clients; 2) determine whether a conflict of interest exists; 3) decide whether the representation may be undertaken despite the existence of a conflict, i.e., whether the conflict is consentable; and 4) if so, consult with the clients affected under paragraph (a) and obtain their informed consent, confirmed in writing. The clients affected under paragraph (a) include both of the clients referred to in paragraph (a)(1) and the one or more clients whose representation might be materially limited under paragraph (a)(2).

ABA Model Rules of Professional Conduct, Rule 1.7, Comment 2 (2007).

The comments set forth further procedural guidance for such a conflict:

> *If a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation,* unless the lawyer has obtained the informed consent of the client under the conditions of paragraph (b). See Rule 1.16. Where more than one client is involved, whether the lawyer may continue to represent any of the clients is determined both by the lawyer's ability to comply with duties owed to the former client and by the lawyer's ability to represent adequately the remaining client or clients, given the lawyer's duties to the former client. See Rule 1.9. See also Comments [5] and [29].

ABA Model Rules of Professional Conduct, Rule 1.7, Comment 4 (2007) (emphasis added).

The point of these comments is clear. When an attorney encounters a probable or possible conflict of interests between concurrent clients, it is the attorney's ethical obligation to determine how to proceed with the representation. In this case, the attorney has declared under penalty of perjury to the Court that he has determined that there is an existing, continuing conflict of interests, and that he has determined that withdrawal is necessary. As there is no evidence of prejudice to any of the parties in this case, under the Guam Rules of Professional Conduct, the Court will grant his request for withdrawal.

However, the Court's analysis of the motion does not end here, due to the provision of extraneous materials to the Court.

Regarding the attorney-client relationship, concurrent conflicts of interest, and an attorney's duties to his client under all of these rules, the Supreme Court of Guam has adopted the reasoning of the California Court of Appeals. Gill v. Bischoff, 2011 Guam 25 ¶ 16. That court aptly stated, and the Supreme Court of Guam reiterated in part:

> 'The relation between attorney and client is a fiduciary relation of the very highest character, and binds the attorney to most conscientious fidelity . . .' Thus, not only does the attorney owe the duty to use skill, prudence and diligence in the performance of the tasks he undertakes for his client but owes undivided loyalty to the interests professionally entrusted to him. Because of the inherent character of the attorney client relationship, it has been jealously guarded and *restricted to only the parties involved.*

Goodley v. Wank & Wank, Inc., 133 Cal.Rptr. 83, 86 (Ct.App.1976) (emphasis added) (internal citations omitted).

The Plaintiffs' attorney has disclosed two electronic mailings, one from each of his named clients, and attached them as exhibits to his motion. By doing so, he has made them part of the public record. These e-mails are addressed from the clients to Attorney Lujan, and the content of these communications certainly "relat[es] to the representation of a client." GRPC Rule 1.6(a)(2012). In order to disclose this material to the Court and the public under the Guam Rules of Professional Conduct, the client is required to give "informed consent," the disclosure must have been impliedly authorized in order to carry out the representation, or otherwise permitted by subsection (b) of the rule. The disclosure does not appear impliedly authorized or permitted by GRPC Rule 1.6(b). Thus, it appears that informed consent was needed. Pursuant to Rule 1.0(e), "'Informed consent' denotes the agreement by a person to a proposed course of

conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." GRPC Rule 1.0(e) (2012).

The declaration submitted contains no evidence that Plaintiff Frank Aguon, Jr., ever was informed or gave assent to the publication of his e-mail communication. The only evidence concerning whether the informed consent of Plaintiff Carl T.C. Gutierrez was obtained states: "Mr. Gutierrez insisted this e-mail be attached as an exhibit." Gutierrez et. al. v. Guam Election Commission, et. al., Civil Case No. CV1891-10, Mot. To Withdraw, Mem. of Points and Authorities, Declaration of David J. Lujan, ¶ 3 (received February 21, 2012). There is no evidence that an alternative course of conduct outside of disclosing this e-mail was discussed or explained to Plaintiff Gutierrez, nor that there was ever an explanation provided to Plaintiff Gutierrez regarding the risks of such disclosure, as required under GRPC Rules 1.6(a) and 1.0(e). The bare statement that the client desired disclosure does not meet the requirements of "informed consent" under the rules.

As there is no evidence of an informed waiver of any of these issues by either of the Plaintiffs, it appears that the disclosure of their confidential attorney-client communications to the Court violates these rules.

Moreover, the unilateral provision of these communications to the Court also violates GR Rule 8.1. As set forth in Plaintiffs' motion, the communications disclosed to the Court were not made in the presence of opposing counsel, with the approval of opposing counsel, in open court. Because the Plaintiffs did not properly file this motion, nor provide notice to opposing counsel, as required under CVR Rule 7.1, and discussed previously in this opinion, the communication with the Court was not made by means of properly filed documents. Further, its

content did not concern matters of calendaring. Finally, under the local rules, the only manner in which counsel may privately provide the Court with documents relating to the case, *ex parte*, is as "allowed by rule of law" pursuant to GR 8.1(a)(4). This private disclosure of these documents to the Court was not permitted by any rule of law, and the Plaintiffs' attorney cites to no law permitting such disclosure. Accordingly, the documents were provided to the Court, *ex parte*, in violation of the rules, and the Court must disclose the information received to other parties in the case, to the extent that it is already included in the Court's record, and to prevent the appearance of bias or impartiality.

The Plaintiffs' attorney's disclosure of confidential information concerning a conflict of interests between clients does not appear authorized by law in this case. The Court takes note of the Plaintiffs' already effected unilateral provision this information to the Court, as contained in the Plaintiffs' motion, see Gutierrez, Civil Case No. CV1891-10, Ex Parte Application for In Camera Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel, p. 2, lines 9–12 (filed January 24, 2012), in order to prevent any appearance of bias or impartiality on the part of the Court, and to issue a cautionary instruction against the pitfalls of informal communications with the Court.

The Court's duty is to disclose any *ex parte* communications which appear to violate the rules, and inform all parties that the communication will not be considered. Dizon, 1998 Guam 3 at ¶ 15; and Model Judicial Code of Conduct, Canon 3(B)(7)(a)(ii)(1990). Whereas it also appears that the information already released does not comply with GR Rule 8.1(a), as it was not provided to all of the parties to the case; the Court herein discloses the communication to the other parties to the case, in order to meet its own disclosure requirements, promote fairness, and avoid the appearance of partiality or bias. Dizon, 1998 Guam 3 at ¶ 15; and Model Judicial

Code of Conduct, Canon 3(B)(7)(a)(ii)(1990). However, in order to protect the Plaintiffs from the actions of their attorney in disclosing confidential client communications, the Court will seal the communications from the public. In accordance with its own ethical obligations, the Court further informs the parties that the Court will not consider any of the contents of these communications in determining the merits of this case.

## CONCLUSION

After considering the entire filing, the Court finds that it must protect the Plaintiffs by ORDERING that Exhibits A and B, attached to the motion and declaration of David J. Lujan, BE SEALED from all but the parties in this case. To the extent that the actions of Plaintiffs' attorney have already made these communications a part of the Court's record, the Court DISCLOSES the communications to the other parties in the case, to avoid the appearance of impropriety, and to mitigate the harm caused by the *ex parte* manner of the provision of these materials to the Court.

Attorney Lujan's motion to withdraw as counsel is hereby GRANTED. Plaintiffs shall obtain new counsel (if desired) and appear before the Court on APR 2 0 2012 @ 11:00 Am.

**IT IS SO ORDERED** this APR 1 2 2012 .

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office or the clerk of the Superior Court of Guam.

APR 12 2012

Valerie D. Tenorio
Deputy Clerk, Superior Court of Guam

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam